## Breitenbach *et al. versus* Houtz.

One of the makers of a note, whose liability thereon has been barred by the statute of limitations, is a competent witness to prove an assumption by the defendants, of the firm debts of the makers of the note, in consideration of an assignment to them of the property of the firm.

ERROR to the Common Pleas of *Schuylkill county*.

This was an action of *assumpsit* by Jacob Houtz, surviving assignee of John Strimpfler (in trust for the benefit of creditors) for the use of John Manbeck, endorsee of James Betz, against William S. Breitenbach and John R. Breitenbach, on a parol promise, in consideration of an assignment to the defendants of John Strimpfler's interest in the property of the firm of Strimpfler & Shoemaker, to pay the debts for which Strimpfler was liable as a member of the firm.

The plaintiff claimed the amount of a note made by the firm of Strimpfler & Shoemaker, for $435.13, dated the 8th February 1847, payable at four months to James Betz, and by him endorsed to John Manbeck. This suit was brought to September Term 1856. The facts are stated in the charge of the court below.

On the trial, the plaintiff offered John Strimpfler, one of the makers of the note, to prove the assumption of the defendants, and the consideration. The defendants objected to the competency of the witness, but the court overruled the objection, and sealed a bill of exceptions.

The court below (HEGINS, P. J.) charged the jury as follows:—

"The action is brought to recover from the defendants the amount of a promissory note, dated February 8th 1847, drawn by Strimpfler & Shoemaker, in favour of John Betz, and by him endorsed to John Manbeck, for whose use the suit is brought. John Strimpfler and James S. Shoemaker were partners in the business of making iron at Mount Pero Furnace, in this county.

"On the 29th March 1847, William S. Breitenbach, by a written agreement of that date, which is in evidence, entered into partnership in the business with them, which was continued until Strimpfler, with Frederick Werntz, who was a partner with Strimpfler, in other business, made a general assignment of their property for the benefit of creditors, to wit, on the 17th day of February 1848. Afterwards, Shoemaker went out of the firm, and on the 15th of September 1847, John R. Breitenbach became a member of it, by a written agreement of that date.

"On the 17th day of January 1849, Jacob Houtz and Adam Zeller, who had been appointed assignees of John Strimpfler, sold the interest of John Strimpfler in the real and personal estate belonging to Mount Pero Furnace, and his interest in the

[Breitenbach *et al. v.* Houtz.] ¹

partnership, to the present defendants, William S. and John R. Breitenbach.   The written agreement of sale is in evidence.

" The jury will observe that the note the payment of which is sought to be enforced, was given before the defendants became partners in the firm, and if they are liable, it must be by their own agreement upon some sufficient consideration.   The papers in evidence between the partners do not show any such agreement, but the plaintiffs have sought to prove it by parol evidence, and for this purpose have called John Strimpfler, whom the court admitted to testify as a competent witness.   He testifies that, at the time the defendants became partners, they assumed the payment of the then existing debts of the firm, equally with the other partners, and that afterwards, when his assignees sold his interest in the furnace, land, stock, and partnership generally, William S. Breitenbach, in consideration thereof, expressly assumed to pay the debts of the furnace firm, for which the witness Strimpfler was liable.

" If the jury believe that William S. Breitenbach made this agreement with plaintiffs, to pay these old debts, and that John R. Breitenbach afterwards recognised this agreement by receiving the property and interest of Strimpfler in the firm, upon this condition, he would be bound by it, and the plaintiffs would be entitled to recover the amount of the note with interest and protest fees.   Whether there was any such agreement is a question of fact for the decision of the jury, from all the evidence in the case."

To this instruction the defendants excepted; and a verdict and judgment having been rendered in favour of the plaintiff, the defendants sued out this writ, and here assigned for error, *inter alia,* the admission of John Strimpfler as a witness for the plaintiff.

*Bannan,* for the plaintiffs in error, cited 2 *Greenl. Ev.,* § 203 ; King v. Hoare, 13 *M. & W.* 504 ; Downey v. Farmers' and Mechanics' Bank of Greencastle, 13 *S. & R.* 288 ; Rhodes v. Lent, 3 *Watts* 364 ; Hayes v. Gudykunst, 1 *Jones* 221 ; Emerton v. Andrews, 4 *Mass.* 653 ; Hodson v. Marshall, 7 *Car. & Payne* 16 ; 1 *Greenl. Ev.,* § 392 ; Gest v. Espy, 2 *Watts* 268.

*F. W. Hughes* and *Roseberry,* for the defendant in error, cited 1 *Greenl. Ev.* § 392, note 3 ; Masters v. Drayton, 2 *T. R.* 496 ; Phœnix v. Ingraham, 5 *Johns.* 427 ; Frear v. Evertson, 20 *Id.* 142 ; People v. Irving, 1 *Wend.* 20.

The opinion of the court was delivered by

LOWRIE, C. J.—We see nothing that could prevent the recovery of the plaintiff below, if Strimpfler's testimony is believed ;

[Breitenbach *et al. v.* Houtz.]

and it is certainly very credible, for there is evidence that the defendants paid interest on the claim, as a debt due by them, and it proves a contract which would, perhaps, have been inferred from the nature of the transaction; certainly, it is not inconsistent with it. He was a competent witness, for he is not a party on the record, and his liability on the original transaction had been, long before, barred by the statute of limitations. Suppose that the note might have been presented for payment out of Strimpfler's assigned estate, it does not appear that it was done, and that estate appears to have been settled up. We do not see that Strimpfler had any interest that rendered him incompetent. The letter of Houtz does not seem to be contradictory of his testimony.

The instructions of the court, in answer to the points put, and otherwise, are quite complete and correct.

　　　　　　　　　　　　　　　　Judgment affirmed.